# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | ) | |
| Michael John Gietl, | ) | Case No. 4:15-cr-122 |
| Defendant. | ) | |

Before the court is defendant's motion for reconsideration of the court's detention order. For the reasons set forth below, the motion is denied.

## I.   BACKGROUND

The court held a detention hearing for defendant on July 14, 2015. At the close of the hearing, the court ordered defendant detained, concluding that the Government had met its burden of demonstrating that defendant was both a danger to the community and risk of flight. In reaching this conclusion, the court took particular note of defendant's extensive criminal history, defendant's history of noncompliance with court orders, evidence regarding defendant's use of an alias, and the strength of the Government's case.

On August 25, 2015, defendant filed a motion requesting to be released to a residential facility so that he could work on getting his finances in order. The court denied the motion, opining that there had been no material change in defendant's circumstances and that defendant had not otherwise presented any compelling reasons for the court to reconsider its detention order.

On March 14, 2016, defendant entered guilty pleas pursuant to a plea agreement to the offenses charged in Counts One (conspiracy to distribute 500 grams or more of a mixture or

1

substance containing detectable amounts of methamphetamine), Seven (possession with intent to distribute 50 grams or more of methamphetamine), Ten (possession of a firearm by a prohibited Person), and Eleven (possession of a firearm by a prohibited Person) of the Indictment.

On April 1, 2016, defendant filed a motion for reconsideration of the court's detention order. Therein he requests to be released so that he may visit his mother in Arizona and attend to two civil matters currently pending in Ward County, North Dakota.

## II. DISCUSSION

Although the court appreciates defendant's desire to reconnect with his mother and get his affairs in order prior to sentencing, it cannot authorize his release at this time as his continued detention is mandated by 18 U.S.C. § 3143(a).

As noted above, defendant has entered guilty pleas to the offenses charged in Counts One and Seven of the Indictment. The Controlled Substances Act prescribes a maximum penalty of life imprisonment (and a 10-year minimum mandatory sentence) for both of these offenses. See 21 U.S.C. § 841(b)(1)(A)(viii).

Title 18 of the United States Code, Section 3143(a) provides in relevant part that the judicial officer shall order that a person who has been found guilty of an offense for which the maximum term of imprisonment of ten years is prescribed in the Controlled Substances Act and is waiting imposition or execution of sentence be detained unless–

> (A)(i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community

2

18 U.S.C. 3143(a)(2).

Defendant does not fall within either of § 3143(a)(2)'s exceptions. Given that defendant has executed a plea agreement and entered guilty pleas to four of the charged offenses, the likelihood of a motion for acquittal or new being trial being granted would appear to be beyond remote. Moreover, it is apparent from the plea agreement on file that the Government intends to recommend a sentence of imprisonment at the time of defendant's sentencing. Finally, defendant has presented nothing in his motion for reconsideration to negate the court's earlier findings regarding the danger he poses to the community and his risk of flight.

### III. CONCLUSION

Defendant's motion for reconsideration of the court's detention order (Docket No. 337) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court